

IN THE UNITED STATES DISTRICT COUT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

**FILED**

| | | | |
|---|---|---|---|
| JARRAD WOODSON, | ) | | SEP 02 2021 SK |
| Plaintiff, | ) | | |
| | ) | Case No. | THOMAS G. BRUTON |
| vs. | ) | | CLERK, U.S. DISTRICT COURT |
| | ) | JUDGE | |
| The CITY OF CHICAGO, a municipal | ) | 1:21-cv-04707 | |
| Corporation, CHICAGO POLICE | ) | District Judge Andrea R. Wood | |
| DEPARTMENT, | ) | Magistrate Judge Sunil R. Harjani | |
| a municipal entity | ) | RANDOM | |
| & PHILLIP FOX (#7290) | ) | | |
| | ) | | |
| Defendant | ) | Jury Trial Demanded | |

## PLAINTIFF JARRAD WOODSON'S COMPLAINT

NOW COMES Plaintiff Jarrad Woodson (hereinafter referred to as "Plaintiff), through his own representation as counsel, for Plaintiff's Complaint and Jury Demand against Defendants PHILLIP FOX and the CITY OF CHICAGO, Illinois, a municipal corporation, and CHICAGO POLICE DEPARTMENT, a municipal entity. Plaintiff states as follows:

### JURISDICTION & VENUE

1. This action is brought pursuant to 42 U.S.C. §1983 to redress the deprivation of rights under color of law of Plaintiff's rights as secured by the Unites States Constitution.

2. This Court has jurisdiction of the action pursuant to 28 U.S.C. §1331 and §167.

3. Venue is proper under 28 U.S.C §1391(b). The events giving rise to the claims asserted in this Complaint occurred within this district.

### PARTIES

4. Plaintiff, Jarrad Woodson, is a resident of Chicago, Illinois.

1

5. At all times Defendant PHILLIP FOX was a CITY OF CHICAGO Police Officer, employed by Defendant CITY OF CHICAGO and the CHICAGO POLICE DEPARTMENT, acting under color of law and within the course and scope of their employment.

6. Defendant CITY OF CHICAGO is a municipal corporation, duly incorporated under the laws of the State of Illinois, and at the time of this incident, and the CHICAGO POLICE DEPARTMENT, a municipals entity, was the employer and principal of Defendant PHILLIP FOX. Should Plaintiff prevail on his claims, Defendant CITY OF CHICAGO and CHICAGO POLICE DEPARTMENT must indemnify Defendant PHILLIP FOX on Plaintiff's claims pursuant to 745 ILCS 10/9-102.

## FACTS

7. On January 23, 2021, Plaintiff was involved in a minor rear-end collision located in the back alley south of 2245 W. Roscoe St.

8. The Chicago Police Department was called by the other driver to file a report. Plaintiff and the other driver waited for an officer to arrive to the scene.

9. Defendant, Chicago Police Officer, PHILLIP FOX arrived on the scene in a market Chicago Police SUV.

10. Upon arrival Defendant PHILLIP FOX notified both Plaintiff and the other driver that his Body-Worn Camera was activated and that it was recording.

11. Approximately three minutes after arrival, Defendant PHILLIP FOX announced that he was turning the Body-Worn Camera off.

12. Defendant PHILLIP FOX asked Plaintiff and the other driver for driver's licenses and proof of insurance, which were tendered to Defendant by PHILLIP FOX.

13. Defendant PHILLIP FOX explained that dispatch confirmed that the other driver's license was valid.

14. Defendant PHILLIP FOX then explained to Plaintiff that his driver's license had been expired.

15. Plaintiff explained to Defendant PHILLIP FOX that the Secretary of State of Illinois had extended driver's license expiration dates to June 1, 2021.

16. Defendant PHILLIP FOX explained that he needed to confirm the extension with dispatch.

17. At this time Defendant PHILLIP FOX told the other driver that he could leave the scene but instructed Plaintiff to stay.

18. The other driver left the scene.

19. Defendant PHILLIP FOX walked to back his police SUV and then, after several minutes, walked back to Plaintiff and explained that the driver's license extension was confirmed and valid.

20. Defendant PHILLIP FOX then explained to Plaintiff that he would still issue a traffic ticket for driving with an expired driver's license.

21. Defendant PHILLIP FOX then walked back to his police SUV and then returned with a traffic ticket and asked Plaintiff to sign the ticket.

22. Plaintiff signed the ticket then Defendant PHILLIP FOX informed Plaintiff that he would have to take him to the police station to sign get an "I-Bond".

23. Plaintiff explained to Defendant PHILLIP FOX that his driver's license was still valid because of the Secretary of State's extension.

24. Defendant PHILLIP FOX explained that I was to be taken in because there was "property damage to both vehicles."

25. Plaintiff believed he was not allowed to leave the scene on his own while in the presence of Defendant PHILLIP FOX.

26. Defendant PHILLIP FOX told Plaintiff to relocate his vehicle to a parking space on the adjacent street.

27. Plaintiff backed his vehicle out of the alley way onto North Oakley St. Defendant PHILLIP FOX escorted Plaintiff to the parking space.

28. Plaintiff parked his vehicle and exited and was then escorted by Defendant PHILLIP FOX back to the police SUV.

29. Defendant PHILLIP FOX told Plaintiff to enter the back seat of the police SUV.

30. Defendant PHILLIP FOX began to drive to the police station located at Addison and Halsted St. Unit 019.

31. While driving to the police station Defendant PHILLIP FOX asked Plaintiff "Where did you read that extension?" Plaintiff responded, "The Secretary of State's website."

32. Defendant PHILLIP FOX responded by telling Plaintiff that he should have "known to renew his driver's license."

33. After arriving to the police station Defendant PHILLIP FOX took Plaintiff from the Police SUV and escorted him through front entrance.

34. Plaintiff received his bond paperwork and was then told he could leave.

35. Plaintiff was issued a traffic ticket under the number TU-331-860 and a $1,500 I-Bond.

36. The court date listed on the ticket was March 23, 2021 at 1:30pm in courtroom CL05 at the Daley Center.

37. Defendant PHILLIP FOX seized Plaintiff's driver's license and Plaintiff was forced to pay for transportation to go home.

38. As a result of this incident Plaintiff suffered and continues to suffer from intense emotional distress, embarrassment, and humiliation.

39. Defendant PHILLIP FOX arrested Plaintiff after acknowledging that Plaintiff correctly stated the law.

40. On March 19, 2021 Plaintiff filed a Motion to Dismiss the Complaint under complaint number TU-331-850.

41. On March 22, 2021 Chicago Corporate counsel called the Plaintiff and explained that they had received the Motion to Dismiss the Complaint under complaint number TU-331-850 and that the case would be dismissed.

42. On March 23, 2021, the complaint under complaint number TU-331-850 was dismissed Motion City Nonsuit.

## COUNT I
### (42 U.S.C. § 1983 False Arrest)
### Against Defendant PHILLIP FOX

43. Each of the foregoing paragraphs is incorporated as if fully restated herein.

44. Defendant PHILLIP FOX arrested Plaintiff without probable cause.

45. Defendant PHILLIP FOX acknowledged the amendment to driver's license expiration dates to Plaintiff.

46. Defendant PHILLIP FOX intentionally ignored the law and related ordinances and violated Plaintiff's Fourth Amendment rights.

47. As a result, Plaintiff suffered loss of liberty and property and other damages, which will be proven at trial.

**WHEREFORE**, Plaintiff demands judgment against Defendant for compensatory damages, punitive damages, costs, and such other relief that this Court deems equitable and just.

## COUNT II
### (Illinois State Law – Malicious Prosecution)
### Against Defendants PHILLIP FOX, the CITY OF CHICAGO, and the CHICAGO POLICE DEPARTMENT

48. Each of the foregoing paragraphs is incorporated as if fully restated herein.

49. Defendants, PHILLIP FOX, the CITY OF CHICAGO, and the CHICAGO POLICE DEPARTMENT, through its employee and agent, caused criminal proceedings to be initiated against Plaintiff.

50. The Defendants, PHILLIP FOX, the CITY OF CHICAGO, and the CHICAGO POLICE DEPARTMENT through its employee and agent, arrested Plaintiff without probable cause, ignored state law and related ordinances, and placed false charges upon plaintiff.

51. Defendants, PHILLIP FOX, the CITY OF CHICAGO, and the CHICAGO POLICE DEPARTMENT, through its employee and agent, undertook these actions intentionally and with malice.

52. The actions undertaken by Defendants PHILLIP FOX, the CITY OF CHICAGO, and the CHICAGO POLICE DEPARTMENT, through its employee and agent were willful and wanton.

53. As a result of Defendants PHILLIP FOX, the CITY OF CHICAGO, and the CHICAGO POLICE DEPARTMENT through its employee and agent, misconduct, Plaintiff

suffered damages including emotional distress, pain and suffering, and other damages which will be proven at trial.

**WHEREFORE,** Plaintiff demands judgment against Defendants for compensatory damages, punitive damages, costs, fee, and such other relief that this Court deems equitable and just.

### COUNT III
### (Illinois State Law – Intentional Infliction of Emotional Distress)
### Against Defendants PHILLIP FOX, the CITY OF CHICAGO, and the CHICAGO POLCIE DEPARTMENT

54. Each of the forgoing paragraphs is incorporated as if fully restated herein.

55. As stated more fully above, the conduct of Defendants PHILLIP FOX, the CITY OF CHICAGO, and the CHICAGO POLICE DEPARTMENT, through its employee and agent, was extreme and outrageous in numerous ways, as stated more fully in and throughout this Complaint.

56. Defendants PHILLIP FOX, the CITY OF CHICAGO, and the CHICAGO POLICE DEPARTMENT, through its employee and agent, intended to inflict servere emotional distress on Plaintiff.

57. Defendants PHILLIP FOX, the CITY OF CHICAGO, and the CHICAGO POLICE DEPARTMENT, through its employee and agent, knew that their misconduct had a high probability of inflicting severe emotional distress on Plaintiff.

58. Defendants PHILLIP FOX, the CITY OF CHICAGO, and the CHICAGO POLICE DEPARTMENT, through its employee and agent, misconduct cause Plaintiff to experience severe emotional distress.

**WHEREFORE** Plaintiff demands judgment against Defendants for compensatory damages, punitive damages, costs, fees, and such other relief that this Court deems equitable and just.

## COUNT IV
### (Indemnification)
### Against the CITY OF THE CHICAGO and the CHICAGO POLICE DEPARMENT

59. Each of the forgoing paragraphs is incorporated as if fully restated herein.

60. At all relevant times, Defendants CITY OF CHICAGO and the CHICAGO POLICE DEPARTMENT was the employer of Defendant PHILLIP FOX.

61. In Illinois, public entities are directed to pay for any tort judgment for compensatory damages for which employers are liable within the course and scope of their employment activities.

62. Defendant PHILLIP FOX committed the alleged acts under the color of law and in the course and scope of their employment with the CITY OF CHICAGO and the CHICAGO POLICE DEPARTMENT.

63. As a proximate cause of Defendant PHILLIP FOX's unlawful acts, which occurred during the course and scope of their employment, Plaintiff suffered damages.

**WHEREFORE,** should the individual Defendant be found liable, Plaintiff demands judgment against Defendant for compensatory damages, punitive damages, fees, and costs, and such other relief that this Court deems equitable and just.

**PLAINTIFF DEMANDS TRIAL BY JURY**

**DATED:**  Respectfully Submitted,

JARRAD WOODSON, Plaintiff

By: _____
Jarrad Woodson
On His Own Behalf

Jarrad Woodson
ARDC # 6333567
1928 W. Barry Ave #1
Chicago IL 60657
317-625-4676