**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JARRAD WOODSON, | ) | |
| | ) | Case No. 21 C 4707 |
| Plaintiff, | ) | |
| | ) | Judge Andrea Wood |
| v. | ) | |
| | ) | Magistrate Sunil R. Harjani |
| The CITY OF CHICAGO, a municipal, | ) | |
| Corporation, CHICAGO POLICE DEPARTMENT, | ) | JURY DEMANDED |
| a municipal entity & PHILLIP FOX (#7290), | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT CITY OF CHICAGO'S ANSWER TO PLAINTIFF
JARRAD WOODSON'S FIRST AMENDED COMPLAINT**

NOW COMES the Defendant, CITY OF CHICAGO, by and thru its attorney, Danielle M. Alvarez, submit their Answer to Plaintiff's First Amended Complaint, Jury Demand, and Affirmative Defenses, stating as follows:

**JURISDICTION & VENUE**

1. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation of rights under color of law of Plaintiff's rights as secured by the United States Constitution.

**ANSWER:** **Defendant City admits jurisdiction is proper.**

2. This Court has jurisdiction of the action pursuant to 28 U.S.C. §1331 and §167.

**ANSWER: Defendant City admits the allegations contained in this paragraph.**

3. Venue is proper under 28 U.S.C. § 1391 (b). The events giving rise to the claims asserted in this Complaint occurred within this district.

**ANSWER:** **Defendant City admits venue is proper.**

**PARTIES**

4. Plaintiff, Jarrad Woodson, is a resident of Chicago, Illinois.

**ANSWER: Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.**

5. At all times Defendant PHILLIP FOX was a CITY OF CHICAGO Police Officer, employed by Defendant CITY OF CHICAGO and the CHICAGO POLICE DEPARTMENT, acting under color of law and within the course and scope of their employment.

**ANSWER: Defendant City admits the allegations contained in this paragraph. Defendant City makes no answer on behalf of Chicago Police Department.**

6. Defendant CITY OF CHICAGO is a municipal corporation, duly incorporated under the laws of the State of Illinois, and at the time of this incident, and the CHICAGO POLICE DEPARTMENT, a municipals entity, was the employer and principal of Defendant PHILLIP FOX. Should Plaintiff prevail on his claims, Defendant CITY OF CHICAGO and CHICAGO POLICE DEPARTMENT must indemnify Defendant PHILLIP FOX on Plaintiff's claims pursuant to 745 ILCS 10/9-102.

**ANSWER: Defendant City admits it is a municipal corporation, duly incorporated under the laws of the State of Illinois and is the employer of Defendant Phillip Fox. Defendant City makes no answer on behalf of Chicago Police Department. Answering further, Defendant City denies Plaintiff has fully and or accurately stated the law for all torts; therefore, Defendant City denies the remaining allegations contained in this paragraph.**

### FACTS

7. On January 23, 2021, Plaintiff was involved in a minor rear-end collision located in the back alley south of 2245 W. Roscoe St.

**ANSWER: Defendant City admits the allegations contained in this paragraph.**

8. The Chicago Police Department was called by the other driver to file a report. Plaintiff and the other driver waited for an officer to arrive to the scene.

**ANSWER: Defendant City admits the allegations contained in this paragraph.**

9. Defendant, Chicago Police Officer, PHILLIP FOX arrived on the scene in a market Chicago Police SUV.

**ANSWER: Defendant City admits the allegations contained in this paragraph.**

10. Upon arrival Defendant PHILLIP FOX notified both Plaintiff and the other driver that his Body-Worn Camera activated and that it was recording. Attached here to as Exhibit 1.

**ANSWER: Defendant City admits the allegations contained in this paragraph.**

11. Defendant PHILLIP FOX asked "Did you have a little fender bender?" Plaintiff responded 'I hit a patch of ice and I couldn't stop."

**ANSWER: Defendant City denies that the allegations contained within this paragraph are a true and accurate depiction of the events of January 23, 2021 and therefore denies the allegations contained within.**

12. Immediately after, Defendant PHILLIP FOX announced that he was turning the Body-Work Camera off.

**ANSWER: Defendant City admits the allegations contained within this paragraph.**

13. At no time did Defendant Fox ask Plaintiff how fast he was driving, if he applied his brakes. Nor was that asked of the other driver.

**ANSWER: Defendant City admits the allegations contained within this paragraph.**

14. Defendant PHILLIP FOX asked Plaintiff and the other driver for driver's licenses and proof of insurance, which were tendered to Defendant by PHILLIP FOX.

**ANSWER: Defendant City admits the allegations contained in this paragraph.**

15. Defendant PHILLIP FOX explained that dispatch confirmed that the other driver's license was valid.

**ANSWER: Defendant City denies that the allegations contained within this paragraph are a true and accurate depiction of the events of January 23, 2021 and therefore denies the allegations contained within this complaint.**

16. Defendant PHILLIP FOX then explained to Plaintiff that his driver's license had been expired.

**ANSWER: Defendant City denies that the allegations contained within this paragraph are a true and accurate depiction of the events of January 23, 2021 and therefore denies the allegations contained within this complaint.**

17. Plaintiff explained to Defendant PHILLIP FOX that the Secretary of State of Illinois had extended driver's license expiration dates to June 1, 2021.

**ANSWER: Defendant City denies the allegations contained within this paragraph.**

18. Defendant PHILLIP FOX explained that he needed to confirm the extensions with dispatch.

**ANSWER: Defendant City denies that the allegations contained within this paragraph are a true and accurate depiction of the events of January 23, 2021, and therefore denies the allegations contained within this complaint.**

19. At this time Defendant PHILLIP FOX told the other driver that he could leave the scene but instructed Plaintiff to stay.

**ANSWER: Defendant City admits the allegations contained in this paragraph.**

20. The other driver left the scene.

**ANSWER: Defendant City admits the allegations contained in this paragraph.**

21. Defendant PHILLIP FOX walked back to his police SUV and then, after several minutes, walked back to Plaintiff and explained that the driver's license extension was confirmed and valid.

**ANSWER: Defendant City denies the allegations contained in this paragraph.**

22. Defendant PHILLIP FOX then explained to Plaintiff that he would still issue a traffic ticket for driving with an expired driver's license.

**ANSWER: Defendant City denies that the allegations contained within this paragraph are a true and accurate depiction of the events of January 23, 2021, and therefore denies the allegations contained within this complaint.**

23. Plaintiff was not presented with a ticket for failing to reduce speed, speeding, or other related traffic violation by Defendant PHILLIP FOX.

**ANSWER: Defendant City admits the allegations contained in this paragraph.**

24. Defendant PHILLIP FOX then walked back to his police SUV and then returned with a traffic ticket and asked Plaintiff to sign the ticket.

**ANSWER: Defendant City admits the allegations contained in this paragraph.**

25. Plaintiff signed the ticket then Defendant PHILLIP FOX informed Plaintiff that he would have to take him to the police station to sign get an "I-Bond".

**ANSWER: Defendant City admits the allegations contained in this paragraph.**

26. Plaintiff explained to Defendant PHILLIP FOX that his driver's license was still valid because of the Secretary of State's extension.

**ANSWER: Defendant City denies the allegations contained within this paragraph.**

27. Plaintiff believed he was not allowed to leave the scene on his own while in the presence of Defendant PHILLIP FOX.

**ANSWER: Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.**

28. Defendant PHILLIP FOX told Plaintiff to relocate his vehicle to a parking space on the adjacent street.

**ANSWER: Defendant City admits the allegations contained in this paragraph.**

29. Plaintiff backed his vehicle out of the alley way onto North Oakley St. Defendant PHILLIP FOX escorted Plaintiff to the parking space.

**ANSWER: Defendant City admits the allegations contained in this paragraph.**

30. Plaintiff parked his vehicle and exited and was then escorted by Defendant Phillip Fox back to the police SUV.

**ANSWER: Defendant City admits the allegations contained in this paragraph.**

31. Defendant PHILLIP FOX told Plaintiff to enter the back seat of the police SUV.

**ANSWER: Defendant City admits the allegations contained in this paragraph.**

32. Defendant PHILLIP FOX began to drive to the police station located at Addison and Halsted St. Unit 019.

**ANSWER: Defendant City admits the allegations contained in this paragraph.**

33. While driving to the police station Defendant PHILLIP FOX asked Plaintiff "Where did you read that extension?" Plaintiff responded, 'The Secretary of State's website."

**ANSWER: Defendant City denies the allegations contained within this paragraph.**

34. Defendant PHILLIP FOX responded by telling Plaintiff that he should have "known to renew his driver's license."

**ANSWER: Defendant City denies the allegations contained within this paragraph.**

35. After arriving to the police station Defendant PHILLIP FOX took Plaintiff from the Police SUV and escorted him through front entrance.

**ANSWER: Defendant City admits the allegations contained in this paragraph.**

36. Plaintiff received his bond paperwork and was then told he could leave.

**ANSWER: Defendant City admits the allegations contained in this paragraph.**

37. Plaintiff was issued a traffic ticket under the number TU-331-860 and a $1,500 Recognizance Bond.

**ANSWER: Defendant City admits the allegations contained in this paragraph.**

38. The court date listed on the ticket was March 23, 2021 at 1:30pm in the courtroom CL05 at the Daley Center.

**ANSWER: Defendant City admits the allegations contained in this paragraph.**

39. Defendant PHILLIP FOX seized Plaintiff's driver's license and Plaintiff was forced to pay for transportation to go home.

**ANSWER: Defendant City admits Officer Fox seized Plaintiff's driver's license but lacks the knowledge necessary to admit or deny the truth or falsity of the remaining allegations contained within this paragraph**.

40. As a result of this incident Plaintiff suffered and continues to suffer from intense emotional distress, embarrassment, and humiliation.

**ANSWER: Defendant City denies the wrongdoing alleged within this paragraph and lacks the knowledge or information necessary to admit or deny the truth or falsity of the allegations contained within this paragraph.**

41. Defendant PHILLIP FOX arrested Plaintiff after acknowledging that Plaintiff correctly stated the law.

**ANSWER: Defendant City denies the allegations contained within this paragraph.**

42. On March 19, 2021 Plaintiff filed a Motion to Dismiss the Complaint under complaint number TU-331-850.

**ANSWER: Defendant City admits the allegations contained in this paragraph.**

43. On March 23, 2021 Chicago Corporate Counsel called the Plaintiff and explained that they had received the Motion to Dismiss the Complaint under complaint number TU-331-850 and that the case would be dismissed.

**ANSWER: Defendant City lacks the knowledge or information necessary to admit or deny the truth or falsity of the allegations contained within this paragraph.**

44. On March 23, 2021, the complaint under complaint number TU-331-850 was dismissed Motion City Nonsuit.

**ANSWER: Defendant City admits the allegations contained in this paragraph.**

## COUNT I
### (42 U.S.C. § 1983 False Arrest)
### Against Defendant PHILLIP FOX

**ANSWER: Defendants have moved to dismiss Count I; therefore, Defendant City makes no answer. See ECF No. 26.**

## COUNT II
### (Illinois State Law - False Imprisonment)
### Against Defendant PHILLIP FOX

**ANSWER: Defendants have moved to dismiss Count II; therefore, Defendant City makes no answer. See ECF No. 26.**

## COUNT III
### (Illinois State Law – Malicious Prosecution)
### Against Defendant PHILLIP FOX, the CITY OF CHICAGO, and
### the CHICAGO POLICE DEPARTMENT

45. Each if the foregoing paragraphs is incorporated as if fully restated herein.

**ANSWER: Defendant City reasserts its answers contained in the foregoing paragraphs and incorporates its answers herein, as though fully stated.**

46. Defendants, PHILLIP FOX, the CITY OF CHICAGO, and the CHICAGO POLICE DEPARTMENT, through its employee and agent, caused criminal proceedings to be initiated against Plaintiff.

**ANSWER: Defendant City admits the allegations contained in this paragraph.**

47. The Defendants, PHILLIP FOX, the CITY OF CHICAGO, and the CHICAGO POLICE DEPARTMENT through its employee and agent, arrested Plaintiff without probable cause, ignored state law and related ordinances, and place false charges upon plaintiff.

**ANSWER: Defendant City denies the allegations contained in this paragraph.**

48. Defendants, PHILLIP FOX, the CITY OF CHICAGO, and the CHICAGO POLICE DEPARTMENT, through its employee and agent, undertook these actions intentionally and with malice.

**ANSWER: Defendant City denies the allegations contained in this paragraph.**

49. The actions undertaken by Defendants PHILLIP FOX, the CITY OF CHICAGO, and the CHICAGO POLICE DEPARTMENT, through its employee and agent were willful and wanton.

**ANSWER: Defendant City denies the allegations contained in this paragraph.**

50. As a result of Defendants PHILLIP FOX, the CITY OF CHICAGO, and the CHICAGO POLICE DEPARTMENT through its employee and agent, misconduct, Plaintiff suffered damages including emotional distress, pain and suffering, and other damages which will be proven at trial.

**ANSWER: Defendant City denies the allegations contained in this paragraph.**

## COUNT IV
**(Illinois State Law – Intentionally Infliction of Emotional Distress)**
**Against Defendants PHILLIP FOX, and CITY OF CHICAGO, and**
**the CHICAGO POLICE DEPARTMENT**

**ANSWER: Defendants have moved to dismiss Count IV; therefore, Defendant City makes no answer. See ECF No. 26.**

## COUNT V
**(Illinois State Law – Negligent Infliction of Emotional Distress)**
**Against Defendants PHILLIP FOX, the CITY OF CHICAGO, and**
**the CHICAGO POLICE DEPARTMENT**

**ANSWER: Defendants have moved to dismiss Count V; therefore, Defendant City makes no answer. See ECF No. 26.**

## COUNT VI
**(Indemnification)**
**Against the CITY OF THE CHICAGO and the CHICAGO POLICE DEPARTMENT**

51. Each of the forgoing paragraphs is incorporated as if fully restated herein.

**ANSWER: Defendant City reasserts its answers contained in the foregoing paragraphs and incorporates its answers herein, as though fully stated.**

52. At all relevant times, Defendants CITY OF CHICAGO and the CHICAGO POLICE DERARTMENT was the employer of Defendant PHILLIP FOX.

**ANSWER: Defendant City admits the allegations contained in this paragraph.**

53. In Illinois, public entities are directed to pay for any tort judgment for compensatory damages for which employers are liable within the course and scope of their employment activities.

**ANSWER:** Defendant City denies Plaintiff has fully and or accurately stated the law and; therefore, Defendant City denies the allegations contained in this paragraph.

54. Defendant PHILLIP FOX committed the alleged acts under the color of law and in the course and scope of their employment with the CITY OF CHICAGO and the CHICAGO POLICE DEPARTMENT.

**ANSWER: Defendant City denies any wrongdoing alleged within this paragraph, and admits the remaining allegations contained in this paragraph.**

55. As a proximate cause of Defendant PHILLIP FOX's unlawful acts, which occurred during the course and scope of their employment, Plaintiff suffered damages.

**ANSWER:** Defendant City denies the allegations contained in this paragraph.

## JURY DEMAND

Defendant City hereby requests a trial by jury.

## AFFIRMATIVE DEFENSES

1. Defendant City is not liable to Plaintiff for any federal claim for which its employees or agents are not liable to Plaintiff. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986).

2. Defendant City cannot be held liable for punitive or exemplary damages in any Section 1983 action brought against it directly or indirectly by the injured party or a third party. *City of Newport et al. v. Fact Concerts, Inc.*, 435 U.S. 247 (1981).

3. To the extent Plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by Plaintiff must be reduced by application of the principle that Plaintiff had a duty to mitigate his claimed injuries and damages, commensurate with the degree of failure to mitigate attributed to Plaintiff by the jury in this case.

4. As to any state law claims made by Plaintiff, Defendant City is not liable because the decision as to what action to take with regard to Plaintiff was a discretionary decision for which Defendant City and its employees are immune from liability. 745 ILCS 10/2-201.

5. To the extent any employee or agent of Defendant City was acting within the scope of his or her employment, that employee or agent is not liable for his or her acts or omissions in the execution or enforcement of the law, unless such act or omission constitutes willful and wanton conduct. 745 ILCS 10/2-202.

6. Defendant City is not liable to Plaintiff for any state law claims for which its employees or agents are not liable to Plaintiff. 745 ILCS 10/2-109.

7. As to Plaintiff's state law claims, Defendant City is not liable to pay attorney's fees as "the law in Illinois clearly is that absent a statute or contractual agreement 'attorney fees and the ordinary

expenses and burdens of litigation are not allowable to the successful party.'" *See Kerns v. Engelke*, 76 Ill.2d 154, 166 (1979) (citations omitted).

8. To the extent Plaintiff asserts a federal malicious prosecution claim, such a claim is not cognizable. *Saunders-El v. Rohde*, 778 F.3d 556, 560 (7th Cir. 2015); *Newsome v. McCabe*, 256 F.3d 747, 750 (7th Cir. 2001).

9. Plaintiff fails to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). *See* Defendants' Motion to Dismiss, ECF No. 26.

10. Indemnification is not a cause of action, but a theory of recovery. The indemnification provision does not create direct liability on the part of the City or its employees, but creates liability on the City to indemnify after a judgment has been recovered against an employee. See *Arnolt v. City of Highland Park*, 52 Ill. 2d 27 (1972); *Glover v. City of Chicago*, 106 Ill. App. 3d 1066, 107 (1982).

**Dated: January 27, 2022**

Respectfully Submitted,

*/s/ Danielle M. Alvarez*
Danielle M. Alvarez, Assistant Corporation Counsel
Caroline Fronczak, Deputy Corporation Counsel
City of Chicago Department of Law
2 N LaSalle Suite 420
Chicago, IL 60602
(312) 744-2784 (Alvarez)
Danielle.alvarez1@cityofchicago.org
Attorneys for Defendant City of Chicago

### CERTIFICATE OF SERVICE

I hereby certify that on January 27, 2022, I served the foregoing document upon all counsel of record by filing a copy with the Clerk of the Northern District of Illinois using the Court's electronic filing system.

> */s/ Danielle M. Alvarez*
> Danielle M. Alvarez
> Assistant Corporation Counsel III